### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAUREN LOWE, )<br>)<br>Defendant. ) | Case No. CIV-20-00612-PRW |

## ORDER

Plaintiff, People for the Ethical Treatment of Animals, Inc., served two subpoenas[1] on Defendant, Lauren Lowe, in connection with an action in the Southern District of Indiana.[2] Defendant refused to comply with those subpoenas, prompting Plaintiff to file its Motion to Enforce Subpoena and to Compel Testimony and the Production of Documents (Dkt. 1) (the "Motion") with this Court, in the Western District of Oklahoma.[3] Through the Motion, Plaintiff sought, among other things, to recover the costs it incurred in compelling Defendant's compliance with the subpoenas.[4] The Court granted that request and ordered Defendant to "pay the reasonable costs, including attorney's fees, incurred by Plaintiff in

---

[1] *See* Pl.'s Mot. to Enforce Subpoena and to Compel Test. and the Produc. of Docs. (Dkt. 1) at Ex. 1.

[2] *PETA v. Wildlife in Need and Wildlife in Deed, Inc.*, No. 4:17-cv-00186-RLY-DML (S.D. Ind.).

[3] *See* Pl.'s Mot. to Enforce Subpoena and to Compel Test. and the Produc. of Docs. (Dkt. 1) ¶¶ 3–5.

[4] *See id.* at 13.

1

compelling her compliance with the aforementioned subpoenas."[5] To determine the precise amount to be paid, the Court "instruct[ed] Plaintiff to file a detailed breakdown of the expenses it incurred in compelling Mrs. Lowe's compliance with the subpoenas no later than October 9, 2020."[6] Plaintiff filed those materials with the Court on September 28, 2020.[7]

Plaintiff submits $6,851.92 in total expenses as its reasonable costs.[8] This total is comprised of the various costs of filing, service, and other administrative fees as well as the hourly billable costs of attorneys Heather Hintz, Mark Hornbeek, and Asher Smith and paralegal Maribeth Mills.[9]

The various costs of filing, service, and other administrative fees totaled $345.00: an initial case payment of $47.00, private process server fees of $248.00, and *pro hac vice* fees of $50.00.[10]

---

[5] Order (Dkt. 11) at 12.

[6] *Id.*

[7] *See* Pl.'s Report to the Court as to Expenses, Including Attorney's Fees, in Compelling Def.'s Compliance with Subpoenas (Dkt. 12).

[8] *Id.* at 8.

[9] *Id.* at 3–8.

[10] *Id.* at 7–8.

The hourly billable costs for the attorneys and paralegal, meanwhile, were as follows:

- Ms. Hintz, a partner at Phillips Murrah P.C. with over thirty years of litigation experience,[11] billed 5.90 hours of work on the matter at a reduced rate of $271.21 per hour, for a total of $1,600.14.[12] This work was supervisory in nature and included "reviewing, editing and making recommendations."[13]

- Mr. Hornbeek, an associate at Phillips Murrah P.C.,[14] billed 17.9 hours of work on the matter at a rate of $195.63 per hour, for a total of $3501.77.[15] This work included reviewing the subpoenas and deposition transcripts, assuring compliance with the local rules, and revising the Motion, among other things.[16]

- Mr. Smith, a litigation manager at the PETA Foundation with substantial experience in commercial and public interest litigation, including almost four years of experience as a litigation associate at Paul, Weiss, Rifkind, Wharton

---

[11] *Id.* at 3.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 4.

[15] *Id.*

[16] *Id.*

      & Garrison in New York City,[17] billed 6.7 hours of work to the matter, which Plaintiff asks be charged at $200.00 per hour, for a total of $1,340.00.[18] This work included apprising local counsel of the factual and procedural history of the litigation and drafting and revising the Motion.[19]

- Ms. Mills, a paralegal at Phillips Murrah P.C.,[20] billed 0.50 hours of work on the matter at a rate of $130.00 per hour, for a total of $65.00.[21] This work included finalizing and submitting the Motion, civil cover sheet, and exhibits.[22]

    Based on its review of the receipts, itemized billing statements, and declarations presented by Plaintiff,[23] the Court is satisfied that an award of $6,851.92 is reasonable. The information presented shows that the work done to enforce the subpoenas was necessary and nonduplicative. Further, the rates charged or requested are, in the Court's experience, squarely in line with, if not below, the prevailing rates for local lawyers with comparable experience and credentials.

---

[17] *Id.* at 5–6.

[18] *Id.*

[19] *Id.*

[20] *Id.* at 4.

[21] *Id.*

[22] *Id.*

[23] *See id.* at Exs. 1, 2, & 3.

**IT IS THEREFORE ORDERED** that Defendant, Lauren Lowe, shall pay Plaintiff $6,851.92, as contemplated by the Court's Order on September 21, 2020 (Dkt. 11). Such award shall be paid within twenty (20) days of the date of this Order.

**IT IS SO ORDERED** this 2nd day of October, 2020.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE