## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-00612-PRW |
| LAUREN LOWE, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, People for the Ethical Treatment of Animals, Inc., served two subpoenas[1] on Defendant, Lauren Lowe, in connection with an action in the Southern District of Indiana.[2] Defendant refused to comply with those subpoenas, prompting Plaintiff to file its Motion to Enforce Subpoena and to Compel Testimony and the Production of Documents (Dkt. 1) with this Court.[3] In that motion, Plaintiff sought, among other things, to recover the costs it incurred in compelling Defendant's compliance with the subpoenas.[4] The Court granted that request and ordered Defendant to "pay the reasonable costs, including attorney's fees, incurred by Plaintiff in compelling her compliance with the aforementioned

---

[1] *See* Pl.'s Mot. to Enforce Subpoena and to Compel Test. and the Produc. of Docs. (Dkt. 1) at Ex. 1.

[2] *PETA v. Wildlife in Need and Wildlife in Deed, Inc.*, No. 4:17-cv-00186-RLY-DML (S.D. Ind.).

[3] *See* Pl.'s Mot. to Enforce Subpoena and to Compel Test. and the Produc. of Docs. (Dkt. 1) ¶¶ 3–5.

[4] *See id.* at 13.

subpoenas."[5] To determine the precise amount to be paid, the Court "instruct[ed] Plaintiff to file a detailed breakdown of the expenses it incurred in compelling Mrs. Lowe's compliance with the subpoenas no later than October 9, 2020."[6] Plaintiff filed those materials with the Court on September 28, 2020.[7] Based on its review of the receipts, itemized billing statements, and declarations presented by Plaintiff,[8] the Court ordered Defendant to pay $6,851.92 by October 22, 2020.[9] To date, Defendant has not paid any of the $6,851.92 due to Plaintiff.

Plaintiff now moves the Court for an order holding Defendant in contempt and imposing sanctions of $100 per day from October 22, 2020 until Defendant pays the amount due under the Court's October 2, 2020 order.[10] Defendant has failed to file a timely response to the Motion, so the Court, exercising its discretion under Local Court Rule 7.1(g), deems the matter confessed.

Upon consideration of the Motion, the Court finds that a sanction of $100 per day is inappropriate, for three principal reasons. First, that amount is arbitrary, untethered from prevailing market rates and the amount of the underlying award. Second, an adequate remedial framework exists to address failures to pay judgments—28 U.S.C. § 1961:

---

[5] Order (Dkt. 11) at 12.

[6] *Id.*

[7] *See* Pl.'s Report to the Court as to Expenses, Including Attorney's Fees, in Compelling Def.'s Compliance with Subpoenas (Dkt. 12).

[8] *See id.* at Exs. 1, 2, & 3.

[9] *See* Order (Dkt. 14).

[10] Pl.'s Mot. for Contempt and Sanctions (Dkt. 15).

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
>
> (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.
>
> [. . .]

Third, this failure to timely pay the award of fees and costs, without more, does not yet justify the imposition of sanctions.

For these reasons, the Court finds that the harm at issue—the failure to pay an award of attorney's fees, costs, and expenses—is adequately and appropriately remedied by an award of interest in accordance with 28 U.S.C. § 1961. The Court therefore **GRANTS WITH MODIFICATIONS** Plaintiff's Motion for Contempt and Sanctions (Dkt. 15). Defendant shall pay to Plaintiff interest at the rate contemplated under 28 U.S.C. § 1961 on the award of attorney's fees, costs, and expenses ordered by the Court on October 2, 2020 (Dkt. 14) from October 22, 2020 until the amount due under the Court's October 2, 2020 order is paid.

**IT IS SO ORDERED** this 17th day of December, 2020.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE